THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-375-1-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| RAYMOND RAMOS RIVERA, | ) | |
| _____ | ) | |

This cause comes before the Court upon Defendant's motion to dismiss Count I of the indictment in this case (DE-17). The Government has responded to this motion (DE-18) and the matter is now ripe for adjudication. On March 1, 2011, the matter was referred to the undersigned for the entry of a memorandum and recommendation.

On November 17, 2010, Defendant was charged in an a two count indictment (DE-1). Count I of that indictment charges Defendant with knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (DE-1). Defendant now argues that the charge in Count I should be dismissed pursuant to the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 2010 WL 2346552 (June 14, 2010).

Title 18 U.S.C. § 922(g)(l) requires an individual to have a prior conviction for "a crime punishable by imprisonment for a term exceeding one year." State law determines "[w]hat constitutes a conviction of such a crime." 18 U.S.C. § 921(a)(20); *see also,* <u>United States v. Rodriquez</u>, 553 U.S. 377, 387 (2008) ("the 'maximum penalty prescribed by law' for a state offense necessarily depends on state law").

North Carolina has adopted a structured sentencing system whereby each felony is assigned a certain class level. North Carolina General Statute § 15A-1340.17(c) provides a table of punishments indexed by the class level and defendant's prior record level, which a sentencing court can then use to calculate the minimum sentence for that offense. The statute actually provides three minimum sentencing ranges for the individual defendant allowing for a mitigated, presumptive, and aggravated range. N.C. Gen. Stat. § 15A-1340.17(c). After selecting the minimum sentence, Section 15A-1340.17(d) provides the corresponding maximum sentence.

Here, Defendant's criminal history consists of convictions in North Carolina for several "Class H" offenses (DE-17, pg. 2). For Class H felony convictions, the maximum custodial sentence authorized is 30 months. N.C. Gen. Stat. § 15A-1340.17.

In <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), the Fourth Circuit held that under Structured Sentencing, a prior North Carolina conviction qualified as a "crime punishable by imprisonment for a term exceeding one year" if any defendant charged with that offense could be sentenced to more than one year of imprisonment. *Id.* at 246. Specifically, the Fourth Circuit stated that "to determine whether a conviction [under Structured Sentencing] is for a crime punishable by a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." *See also,* <u>United States v. Jones</u>, 195 F.3d 205,207 (4th Cir. 1999) (holding that the highest possible imprisonment term for a particular class of offense determines whether a Structured Sentencing conviction qualifies as a crime punishable by imprisonment for a term exceeding one year for purposes of § 922(g)(1), regardless of the prior criminal record status of the defendant).

However, Defendant argues that subsequent decisions in United States v. Rodriquez, 553 U.S. 377, 387 (2008), United States v. Pruitt, 545 F.3d 416,423 (6th Cir. 2008), and Carachuri-Rosendo, call into question the continued validity of Harp and Jones. Therefore, Defendant asserts that his prior convictions do not qualify him as a person convicted of a crime "punishable by imprisonment for a term exceeding one year."

In Rodriquez, the Supreme Court addressed the question of whether the possible application of a state's recidivist sentencing law could determine if a prior conviction qualified as a "serious drug offense" punishable by a term of imprisonment of at least 10 years for purposes of the Armed Career Criminal Act ("ACCA"), § 924(e)(2)(A)(ii). 553 U.S. at 380. Answering that question affirmatively, the Court in Rodriquez specifically rejected the argument that for purposes of ACCA the "maximum term of imprisonment ... is determined without reference to recidivist enhancements." *Id.*

Likewise, relying on Rodriquez, the Sixth Circuit stated in Pruitt that:

> In holding that the recidivism statutory provision could be accounted for in determining the maximum term of imprisonment authorized for the offense, the Supreme Court clearly indicated that consideration of that enhancement was proper only in circumstances where the particular defendant actually faced the possibility of the enhancement.

Pruitt, 545 F.3d at 423.

Thereafter, on June 14, 2010, the Supreme Court issued its decision in Carachuri-Rosendo. Carachuri-Rosendo addressed the applicability of a state's recidivist law to the aggravated felony determination in an immigration context. During its analysis, the Supreme Court stated:

> In [Rodriquez] we considered whether a recidivist finding under state law that had the effect of increasing the "maximum term of imprisonment" to 10 years, irrespective of the actual sentence imposed, made the offense a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(1) and

3

> therefore an [Armed Career Criminal Act] predicate offense. 553 U.S., at 382, 128 S. Ct. 1783, 170 L. Ed. 2d 719. We held that a recidivist finding could set the "maximum term of imprisonment," but only when the finding is a part of the record of conviction. *Id.,* at 389, 128 S. Ct. 1783, i 70 L. Ed. 2d 719. Indeed, we specifically observed that "in those cases in which the records that may properly be consulted do not show that the defendant faced the possibility of a recidivist enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense." *Ibid.* In other words, when the recidivist finding giving rise to a 10-year sentence is not apparent from the sentence itself, or appears neither as part of the "judgment of conviction" nor the "formal charging document," *ibid.,* the Government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was 10 years or more (assuming the recidivist finding is a necessary precursor to such a sentence).
>
> Carachuri, 2010 WL 2346552, *8, n.12.

Finally, on June 21, 2010, the Supreme Court vacated and remanded for further consideration several Fourth Circuit judgments in light of Carachuri-Rosendo. *See* Simmons v. United States, 2010 WL 2471064 (June 21, 2010); Watson v. United States, 2010 WL 2471071 (June 21, 2010); Williams v. United States, 2010 WL 753114 (June 21, 2010), Smith v. United States, 2010 WL 978690 (June 21, 2010).

Based on these rulings, Defendant now argues that he is legally innocent of the crime charged in Count I of the indictment (DE-17, pg. 6). However, the authorities cited by Defendant do not undermine the Fourth Circuit's precedent in Harp and Jones.

First, this Court has already noted that Carachuri-Rosendo "is distinguishable . . . [because . . . it] focused on procedures required by certain statues to classify as a repeat offender as a recidivist in order to make the offender eligible for felony imprisonment . . . North Carolina structured sentencing does not have such a procedure and thus is distinguishable from the sentencing scheme in Carachuri." United States v. Daniel Hopkins, 5:10-CR-261-Fl-1, DE-32,

4

pg. 6).

In addition, this Court has also noted that the when the Supreme Court remanded the previously mentioned Fourth Circuit cases, it did so without instruction or suggestion. "Therefore, any conclusion regarding the impact of the recent remands by the Supreme Court would be premature." *Id.* at 7.

Moreover, Defendant concedes that "[o]n February 16, 2011 the Fourth Circuit rendered its decision in Simmons, and in so doing, upheld its position in Harp" (DE-17, pg. 5). *See also*, United States v. Simmons, 2011 WL 546425 (4th Cir. February 16, 2011). Simmons was one of the several Fourth Circuit cases remanded by the Supreme Court. In Simmons, the Fourth Circuit found that Carachuri-Rosendo did not affect the holding in Harp, stating:

> Nothing in Carachuri-Rosendo changes the fact that "punishable" . . . is an adjective modifying the "offense" of conviction, not the acts underlying a particular defendant's case.
>
> As we concluded in Harp, the statute requires us to examine whether the statutory offense, not the particular defendant's conduct, is "punishable" by more than one year of imprisonment. To do so, we look to the maximum aggravated sentence that could be imposed upon a defendant with the worst criminal history category for that offense in order to define how that offense is "punishable ." Adopting . . . [defendant's] argument would require us to rewrite the plain language of . . . [the statute] to define [a] "felony . . ." not as "an offense that is punishable by imprisonment for more than one year," but as, for example, "an offense for which the defendant is punished by imprisonment for more than one year" or "an offense for which the defendant is subject to punishment by imprisonment for more than one year" . . .
>
> *Id.* at * 5.

Thus, applying Simmons, Harp, and Jones to this case, any of the Defendant's prior Class H felony convictions qualifies as a predicate offense for purposes of 18 U.S.C. § 922(g). *See* N.C. Gen. Stat. § 15A-1340.17(c),(d). Accordingly, Count I of Defendant's indictment should

5

not be dismissed.

**Conclusion**

For the foregoing reasons, it is RECOMMENDED that Defendant's motion to dismiss (DE-17) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, March 03, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE