IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-375-1-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND RAMOS RIVERA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the court on defendant's motion to dismiss (DE #17). The government timely filed a response in opposition. The matter was referred to United States Magistrate Judge William A. Webb for entry of a memorandum and recommendation ("M&R"). The magistrate judge recommended to the court that defendant's motion to dismiss be denied. Defendant timely filed an objection to the M&R. In this posture, the issues raised are ripe for review. For the reasons that follow, defendant's motion to dismiss is DENIED.

BACKGROUND

On November 17, 2010, the grand jury returned a two-count indictment against defendant, charging him with: (1) being a felon in possession of a firearm; and (2) possession of a stolen firearm. On February 21, 2011, defendant filed the instant motion to dismiss Count One of the indictment.

Count One of the indictment charges defendant with being in possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in

violation of 18 U.S.C. §§ 922(g)(1) and 924. The charge of felon in possession of a firearm was based on three predicate felony convictions. Specifically, defendant's criminal history reflects convictions in North Carolina Superior Court for the offenses of breaking and entering, larceny after breaking and entering, and obtaining property by false pretenses, all offenses classified as Class H felonies under North Carolina law.

## DISCUSSION

A. Standard of Review

The matter is before the court with benefit of the magistrate judge's thoughtful analysis. Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

B. Analysis

Defendant has moved to dismiss Count One of the indictment. In his motion to dismiss, defendant argues that he is legally innocent of the crime of being a felon in possession of a firearm, because his previous convictions were not punishable by imprisonment for a term exceeding one year. As stated above, defendant has three previous North Carolina convictions for Class H felonies.

2

Case 5:10-cr-00375-FL   Document 23   Filed 03/28/11   Page 2 of 4

The judgments for those offenses reflect that defendant was classified as a Level II offender and had no aggravating factors. Defendant argues that because, under North Carolina's Structured Sentencing law, no defendant classified as Level II without aggravating factors could be sentenced to more than twelve months imprisonment, his convictions were not punishable by imprisonment for a term exceeding one year.

The magistrate judge in his M&R recommended denying defendant's motion to dismiss, noting that defendant's argument is contrary to established Fourth Circuit precedent. Under the holding set forth in United States v. Harp, a North Carolina conviction qualifies as a crime punishable by imprisonment for a term exceeding one year if *any* defendant charged with that offense could be sentenced to more than one year of imprisonment. 406 F.3d 242, 246 (4th Cir. 2005). In other words, "to determine whether a conviction is for a crime punishable by a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. Although recent Supreme Court jurisprudence temporarily cast doubt on the continued viability of Harp,[1] the Fourth Circuit in a recent opinion resoundingly affirmed that Harp remains good law. See United States v. Simmons, No. 08-4475, 2011 WL 546425 (4th Cir. Feb. 16, 2011). Therefore, applying the Harp analysis, the magistrate judge determined that because, under North Carolina Structured Sentencing, the maximum aggravated sentence that could be imposed for a Class H felony upon a defendant with the worst possible criminal history is thirty (30) months, defendant's prior convictions qualify as as

---

[1] Defendant, like many before him, argues that Harp was abrogated by the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. ___, 130 S.Ct. 2577 (2010), and the Supreme Court's subsequent treatment of United States v. Simmons, which was vacated and remanded to the Fourth Circuit for reconsideration in light of Carachuri. 130 S.Ct. 3455 (2010).

3

punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. §§ 15A-1340.17(c), (d).

Defendant filed an objection to the M&R, however his objection does not assert any error on the part of the magistrate judge. Rather, defendant merely resubmitted his motion to dismiss. The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Nevertheless, upon considered review of the M&R, the court determines that the magistrate judge's recommendation is the appropriate outcome.

## CONCLUSION

Upon considered review of the M&R, to which no specific objection was made, and upon reviewing the relevant facts, the parties' briefing, and Fourth Circuit's opinion in Simmons which decisively affirmed the continued viability of Harp, it is clear that defendant's argument for dismissal is entirely meritless. Accordingly, the court ADOPTS the M&R in its entirety. Defendant's motion to dismiss is DENIED.

SO ORDERED, this the 28th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4